SUPERIOR COURT 
 
 LIBERTY MUTUAL INSURANCE COMPANY v. ENRIQUE RAMIREZ and CHRISTINA ZIELENSKI

 
 Docket:
 2484CV00196-C
 
 
 Dates:
 September 16, 2025
 
 
 Present:
 Robert B. Gordon
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY
 
 

             Presented for decision is Plaintiff Liberty Mutual Insurance Company•s ("Liberty Mutual") Motion to Compel Production of Documents, Answers to Interrogatories, and Deposition Testimony. Following a hearing held on September 15, 2025, the Court has determined that Liberty Mutual's motion shall be ALLOWED IN PART as follows.
BACKGROUND
            This case arises out of a motor vehicle accident occurring on February 13, 2021. On that date, Christina Zielenski ("Zielenski") suffered a collision when Enrique Ramirez ("Ramirez'') negligently backed his automobile into hers. Zielenski sustained personal injuries, and incurred damages of$62,800 in medical expenses and $36,270 in lost wages.
            At the time of the collision, Ramirez was insured by Liberty Mutual. Liberty Mutual promptly offered to pay Zielenski the $25,000 coverage limit of Ramirez's policy of insurance, conditioned upon Zielenski's execution of the insurer's standard release. But a dispute arose
 
                                                            -1-
 
regarding the appropriate scope and language of the required release, which Zielenski ultimately refused to sign because she regarded it as overbroad. In its place, Zielenski prepared, signed and tendered her own version of a general release in favor of Ramirez and Liberty Mutual. Liberty Mutual, however, believed the language of Zielenski's release did not afford sufficient protection to its insured, and accordingly refused to issue the otherwise agreed-upon settlement payment. 
            Zielenski sued Ramirez in Hampden Superior Court, obtained a:judgment against him in the amount of $221,276.54, and secured from Ramirez an assignment of all of his rights against Liberty Mutual. The assignment of rights was granted in exchange for Zielenski's promise not to seek recovery from Ramirez of $185,482.30 in excess judgment (per the jury verdict) beyond the $34,957.43 payment Zielenski received from Liberty Mutual.
            On January 5, 2024, Zielenski and Ramirez sent Liberty Mutual a Chapter 93A demand letter. In that demand, the Defendants asserted that Liberty Mutual had breached contractual and statutory duties owed to Ramirez when it failed to issue payment of the insured's policy limits after receiving Zielenski's general release, and when it thereafter refused to pay the excess liability judgment that entered against Ramirez in Hampden Superior Court.
            Liberty Mutual thereupon filed the present action for declaratory judgment. By this action, Liberty Mutual seeks a declaration that the insurer did not violate any duties to Ramirez or otherwise act in bad faith when it refused to make any coverage payment to Zielenski on behalf of Ramirez when Zielenski balked at signing its required release.
            The parties' present dispute arises out of discovery requests that Liberty Mutual served upon Zielenski and Ramirez. In its Interrogatories (Nos. 24 and 25), Liberty Mutual has sought the following: (1) the basis for Zielenski's awareness of Liberty Mutual's proposed releases from July, 2021 and August, 2021 (No. 24); and (2)the factual basis and reasons for Zielenski's
 
                                                            -2-
 
rejection of Liberty Mutual's settlement offer(s) and release for $25,000 in July and August, 2021 (No. 25). In its Requests for Production of Documents (Nos. 14, 16, 17 and 18) Liberty Mutal has sought the following: (1) documents related to the attorney's fee arrangements between Zielenski and/or Ramirez and their legal counsel (No.14); (2) documents related to communications between Zielenski and her legal counsel regarding Liberty Mutu.al's proposed releases (No. 16);(3) documents related to communicationsconcerning Zielenski's rejection of Liberty Mutual's settlement offers and releases (No. 17); and (4) documents reflecting that Zielenski personally rejected the release language contained in Libert Mutual's settlement offers and releases (No. 18).
            Responding to the foregoing discovery requests, Zielenski asserted objections based on the attorney-client privilege and work product doctrine. Thus, in response to each of the two interrogatories seeking the factual basis of Zielenski's awareness of and objection to Liberty Mutual's proffered release language, Zielenski wrote:
"Defendant objects to this Interrogatory on the grounds that said Interrogatory seeks information which was prepared in anticipation of litigation, constitutes the work product of the Defendant or her attorneys, which call for the thoughts, mental impressions, conclusions, opinions or legal theories of the Defendant, her attorneys. or other representatives, and which are otherwise protected by the attorney-client privilege. Notwithstanding and without waiving said objections:
I was made aware of all offers and proposed releases through conversations with my attorneys.
                        [and]
I rejected the offer following conversation with my attorneys."
 
                                                            -3-
 
            Zielenski interposed the nearly identical objections to Liberty Mutual's document requests. Declining to produce any responsive documents, Zielenski assertedthat each of the served requests "seek documents which were prepared in anticipation of litigation, constitute the work product of the Defendant or her attorneys, which call for the thoughts, mental impressions, conclusions, opinions or legal theories of the Defendant, or other representatives, and which are otheiwise protected by the attorney-client privilege."
            Presented for decision is Liberty Mutual's Motion to Compel Discovery, by which it seeks answers to its interrogatoriesand documents responsiveto its requests for production. Zielenski has renewed her insistence that the discovery so sought is protected from disclosure by the attorney-client privilege.
DISCUSSION
            The crux of this case reduces to a dispute over a single event. To wit, Liberty Mutual's tender of Ramirez's policy limits to Zielenski, conditioned upon her execution of its standard form of release,and Zielenski's refusal of such iender. Liberty Mutual maintains that its actions represent a complete fulfillment of the contractual and statutory obligations it owed to Ramirez as his insurer. That the release upon which it conditioned payment for the benefit of its insured was reasonable. Liberty Mutual asserts that Zielenski's decision to spurn the settlement payment extended to her was an improper attempt to place the insurer in an untenable Catch-22:Accept Zielenski's form of release, and thereby expose itself to a first-party claim for failing to protect its insured (with an insufficiently protective release from a claimant); or reject Zielenski's form of release, and thereby subject itself to a third-party claim for failing to effect an available settlement within policy limits. For her part, Zielenski charges that the release Liberty Mutual required her to execute was unreasonably overbroad, and that the more limited release she
 
                                                            -4-
 
provided to the insurer was fully sufficient to safeguard Ramirez's interests. Zielenski thus alleges that Liberty Mutual breached the duties it owed to Ramirez as his insurer, and seeks to hold it liable for the excess judgment (and more) pursuant to G.L. c.93A and G.L. c. 176D.
            The parties' dispute so framed, resolution of the liability question turns entirely on whether Liberty Mutual acted reasonably in insisting that Zielenski execute its tendered form of release, or whether Zielenski acted reasonably in insisting that this insurer accept hers. See Rhodes v. AIG Domestic Claims, Inc., 461 Mass. 486, 495-96 (2012) (insurer's duty under G.L. c. 93A is to make "prompt and reasonable" settlement offer); see also G.L. c. 176D, § 9(d) (insurer must effectuate "prompt and fair" settlement). In these circumstances, it cannot be gainsaid that Zielenski's reasons for rejecting Liberty Mutual's release-conditioned settlement payout lie at the center of the p sent legal action. But for the parties' dispute over the proper language and scope of the release, the policy-based settlement agreement would have been consummated. There would be no excess judgment against Ramirez, no assignment of Ramirez's claims to Zielenski, and no lawsuit against Liberty Mutual. Understanding which party was right, and which wrong, in this standoff over the release is thus the key to solving this case.[1]
            The action so understood, the discovery that Liberty Mutual seeks from Zielenski is appropriate, to a point. Liberty Mutual plainly has the right to obtain from Zielenski a fulsome and factual explanation of her objections to the insurer's proffered settlement and release document. Zielenski can furnish such an explanation by answering Interrogatory No. 25, and by producing all non-privileged documents responsive to Request for Production No. 18. The Rules
 
--------------------------------------------
 
[1] To the extent this conclusion could be read to diverge from Judge Cowin's August 27, 2025 ruling in Liberty Mutual Ins. Co, v. Vincent Brunson et al.,No.2484CV0Ol27-D (Suffolk Super. Ct.), the undersigned expresses no opinion on the matter other than to note that a decision of a single justice of the Superior Court carries neither precedential force (beyond the parties to the case in which it issued) nor binds any other judge of the Court as stare decisis. See Winchester Gables, Inc, v. Host Marriott Corp.• 70 Mass. App. Ct. 585,593 (2007) ("a second judge does have the power to rule differently from the first judge on a case, an issue,or a question of fact or law once decided in order to reach a just result {citation and quotation omitted]").
 
                                                            -5-
 
of Civil Procedure, of course, allow counsel to assist in the framing of these discovery responses. IfZielenski does this satisfactonly, and without interposing the privilege-basedobjections she has to date, then the Court agrees that the other contested interrogatory (No. 24) and the·three other contested document requests (Nos. 14, 16 and 17) represent encroachments on the attorney-client privilege and may be disregarded. As may the notice of deposition served upon Attorney Mangini[2].
            On the other hand, if Zielenski holds fast to the interrogatory answers she has provided thus far- viz., that she rejected the tendered settlement and release"following conversation with my attorneys," and that the substance of such conversations are matters of lawyer-client privilege that cannot be disclosed - then the Court agrees that this Defendant has placed her attorney-client communications directly in issue and the privilege will bedeemed waived. See Clair v. Clair, 464 Mass. 205,219 (2013); Global Investors Agent Corp. v. National Fire Ins. Co. of Hartford, 76 Mass. App. Ct. 812, 817-18 (2010). Seegenerally Mass. G. Evid. § 523(b)(2) ("a privilege is waived if the person upon whom [the law] confers a privilege against disclosure introduces privileged communications_as an element ofa claim or defense"J. As the Appeals Court has stated, a party cannot "press a claim or defense to which privileged communications are integral while simultaneously refusing to produce these communications if they are unavailable from other sources . . . [T]he attorney-client privilege cannot be both a shield and a sword." Brauner v. Valley. 101 Mass. App. Ct 61, 70 (2022).
 
--------------------------------------------
 
[2] What Liberty Mutual is entitled to is a sworn statement from Zielenski, and any related documents, attesting In factual detail to the reasons she rejected thesettlement payment and release that had been tendered to her by the insurer. (A Chapter 93A demand letter and similar correspondence authored by counsel arenot sufficient.) What Liberty Mutual is not entitled to, unless Zielenski persists in explaining her actions with the equivalent of"My lawyer told me to," is evidence of the legal advice that she received that led her adopt the position she did. Interrogatory No. 24, Request for Production Nos. 14, 16 and 17, and the noticed deposition of Attorney Mangini, by their express terms, call upon the Defendant to diwlge communications between Zielenski and her legal counsel.
 
                                                            -6-
 
            In opposing Liberty Mutual's Motion to Compel Discovery, Zielenski insists that she has never pleaded or formally invoked an advice-of-counsel defense in this case. True though this may beas a matter of legal nomenclature, the undeniable fact remains that Zielenski has expressly citcommunications with cowisel as the basis for her rejection of Liberty Mutual's proffered settlement and release agreement. Regardless of whether Zielenski has in tenns asserted an advice-of-counsel defense, therefore, there can be no question that this is the position she has adopted in substance.
            Should Zielenski continue to insist that her rejection of Liberty Mutual's settlement payment and release was based entirely on communications with legal counsel, the substance of which she would cloak in secrecy under the attorney-client privilege, then she is using the privilege as both sword (a claim-supporting justification for her conduct) and shield (a bulwark against the otherwise compulsory disclosure of the reasons underlying such justification). This will not be allowed.
CONCLUSION AND ORDER
            In accordance with the foregoing, Plaintiff's motion to Compel Discovery shall be ALLOWED as follows. Defendant Christina Zielenski is hereby ORDERED to provide a fulsome and factual response to Interrogatory No. 25, and to produce documents responsh:e to Request for Production No. 18. Should Zielenski be unable or unwilling to furnish fully responsive substantive information without referencing or otherwise relying upon attorney-client communications, then any otherwise available privilege shall b deemed waived. In that event, Zielenski shall produce fulsome and factual responses to Interrogatory Nos. 24 and 25, together with all documents responsive to Request for Production Nos. 14, I6, 17 and 18.[3]
 
--------------------------------------------
 
[3] The Court will defer consideration of whether a deposition of Attorney Mangini that includes exploration of her communications with Zielenski would be warranted in these latter circumstances.
 
                                                            -7-
 
            The Defendant shall comply with the discovery directed hereinabove within five (5) business days of the date of this Order.
SO ORDERED.
/s/Robert B. Gordon
Justice of the Superior Court
Dated: 
September 16, 2025